UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-CV-01151-FMO (ADS)                                    Date:  August 14, 2020

Title:  *Romont Edtwaine Hagan v. The People of State of California*

Present: The Honorable Autumn D. Spaeth, United States Magistrate Judge

| Kristee Hopkins | None Reported |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorney(s) Present for Petitioner(s): | Attorney(s) Present for Respondent(s): |
|---|---|
| None Present | None Present |

**Proceedings:**     **(IN CHAMBERS) ORDER TO SHOW CAUSE RE: DISMISSAL**

## I.     INTRODUCTION

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by Romont Edtwaine Hagan ("Petitioner"), a California state prisoner at California State Prison, Corcoran.  [Dkt. No. 1, p. 1].  Petitioner asserts four grounds for habeas relief.  [Id., pp. 2, 6-9].  The Court's review of the Petition, the Court's own records, and public records reveals that the Petition has a number of deficiencies.[1]  These deficiencies, discussed in more detail below, are potentially grounds for dismissal of this case.

For the reasons discussed below, Petitioner is **ORDERED TO SHOW CAUSE** in writing **by September 4, 2020** why the instant Petition should not be dismissed with prejudice.

---

[1] Where necessary, the Court takes judicial notice of the public records.  See Fed. R. Evid. 201(b)(2) ("The court may judicially notice a fact that is not subject to reasonable dispute because it . . . can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned."); United States v. Wilson, 631 F.2d 118, 11 (9th Cir. 1980) ("[A] court may take judicial notice of its own records in other cases, as well as the records of an inferior court in other cases."); Harris v. Cty. of Orange, 682 F.3d 1126, 1132 (9th Cir. 2012) (holding that a court may take judicial notice of undisputed matters of public record).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-CV-01151-FMO (ADS)                                    Date:  August 14, 2020

Title:  *Romont Edtwaine Hagan v. The People of State of California*

## II. SCREENING REQUIREMENT

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

## III. PETITIONER FAILED TO PAY THE REQUIRED FILING FEE OR SUBMIT A COMPLETED IFP REQUEST

Petitioner did not pay the required $5.00 filing fee or submit a completed Request to Proceed In Forma Pauperis ("IFP Request").  [Dkt. No. 1, p. 1].  Pursuant to 28 U.S.C. § 1915(a), a prisoner seeking to proceed with a civil action without prepayment of fees must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees" as well as "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

If Petitioner wishes to proceed with the Petition, he must either (1) pay the $5.00 filing fee or (2) file a completed Request to Proceed In Forma Pauperis with the required supporting documentation **by September 4, 2020**.

## IV. THE PETITION NAMES AN IMPROPER RESPONDENT

Petitioner has not named the correct respondent.  The Ninth Circuit has held that the "[f]ailure to name the correct respondent destroys personal jurisdiction."  Ortiz v. Gomez, 81 F.3d 891, 894 (9th Cir. 1996) (as amended May 8, 1996).  The proper respondent to a habeas petition is "the person who has custody over the petitioner."  Rumsfield v. Padilla, 542 U.S. 426, 434 (2004) (citing 28 U.S.C. § 2242).  "The default

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-CV-01151-FMO (ADS)                                    Date:  August 14, 2020

Title:  *Romont Edtwaine Hagan v. The People of State of California*

rule is that the proper respondent is the warden of the facility where the prisoner is being held."  Id.

Petitioner is currently confined in California State Prison, Corcoran.  See CDCR Inmate Locator, https://inmatelocator.cdcr.ca.gov/default.aspx.  Here, Petitioner names "The People of State of California" as Respondent.  [Dkt. No. 1, p. 1].  In order to maintain personal jurisdiction, the proper respondent must be the party who has custody over Petitioner, which is by default the warden of the prison where Petitioner is currently confined.  A brief search reveals that Ken Clark is warden of California State Prison, Corcoran.  See CDCR Facility Locator, https://cdcr.ca.gov/facility-locator/cor/.  Therefore, the Petition should be amended to reflect Ken Clark as the proper respondent.

**V.    THE PETITION APPEARS TO BE UNTIMELY**

**A.    The Petition is Facially Untimely**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas petition. 28 U.S.C. § 2244(d)(1); see also Wall v. Kholi, 562 U.S. 545, 550 (2011); Jimenez v. Quarterman, 555 U.S. 113, 114 (2009).  The limitation period begins to "run from the latest of" four specified dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).  The period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court."  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); see Sup. Ct. R. 13 (allowing a petition for writ of certiorari seeking review of a judgment of a state court of last resort to be filed within ninety days after the entry of the judgment).

Here, the Petition is facially untimely.  Petitioner alleges he was convicted and sentenced on February 1, 2017.  [Dkt. No. 1, pp. 1-2].  Petitioner then filed a direct appeal to the California Court of Appeal, which was eventually denied on July 3, 2018.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-CV-01151-FMO (ADS)                                         Date:  August 14, 2020

Title:  *Romont Edtwaine Hagan v. The People of State of California*

See California Appellate Courts Case Information 2nd Appellate District, http://appellatecases.courtinfo.ca.gov.  Petitioner did not file a further appeal to the California Supreme Court.  [Dkt. No. 1, pp. 4-5].  His conviction became final thirty days later on August 2, 2018.  See Cal. Rules of Court 8.264(b), 8.500(e).  Since the instant Petition was not filed until June 4, 2020, it appears to be untimely.

### B. The Petition Does Not Entitle Petitioner to Any Later Trigger Date

From the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date for the statute of limitations.  First, Petitioner does not assert that he was impeded from filing his federal petition by unconstitutional state action.  See 28 U.S.C. § 2244(d)(1)(B).  Second, his claims are not based on a federal constitutional right that was newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review.  See 28 U.S.C. § 2244(d)(1)(C).  Finally, Petitioner has been long aware of the underlying factual predicates of his four grounds for relief.  See [Dkt. No. 1]; 28 U.S.C. § 2244(d)(1)(D); see also Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001) (noting that the limitation period under § 2244(d)(1)(D) begins running when petitioner knew of facts underlying the claims, not when he realized their "legal significance").  Petitioner here is thus not entitled to a later trigger date under 28 U.S.C. § 2244(d)(1).

### C. The Petition Does Not Entitle Petitioner to Statutory Tolling

In certain cases, a habeas petition filed after the statute of limitations can be found timely with statutory tolling.  Jorss v. Gomez, 311 F.3d 1189, 1192 (9th Cir. 2002).  AEDPA provides for statutory tolling while an appeal is pending before a higher state court as well as during the reasonable time between a state court's judgment on direct review and the filing of an application for post-conviction review.  28 U.S.C. § 2244(d)(2); Carey v. Saffold, 536 U.S. 214, 219-21 (2002); see, e.g., Velasquez v. Kirkland, 639 F.3d 964, 968 (9th Cir. 2011) (holding that an 81-day delay was "far longer than the Supreme Court's thirty-to-sixty-day benchmark for California's

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-CV-01151-FMO (ADS)                              Date:  August 14, 2020

Title:  *Romont Edtwaine Hagan v. The People of State of California*

'reasonable time' requirement").  Filing delays longer than sixty days require a showing of good cause.  Robinson v. Lewis, 795 F.3d 926, 930-31 (9th Cir. 2015).

Here, Petitioner has not shown that he is entitled to statutory tolling.  Petitioner did not file this Petition until June 4, 2020, nearly two years after his state court judgment became final on August 2, 2018.  See California Appellate Courts Case Information 2nd Appellate District, http://appellatecases.courtinfo.ca.gov.  Absent a showing of good cause for the long delay or a showing that Petitioner filed a habeas petition with the California state courts earlier, statutory tolling is not available to Petitioner.

### D. The Petition Does Not Entitle Petitioner to Equitable Tolling

Similarly, a petition filed after the statute of limitations has expired may be timely if equitable tolling applied.  Jorss, 311 F.3d at 1192.  Equitable tolling applies when a petitioner shows "(1) that he has been pursuing his claims diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."  Holland v. Florida, 560 U.S. 631, 649 (2010); Ramirez v. Yates, 571 F.3d 993, 997 (9th Cir. 2009) ("[T]he petitioner must additionally show that the extraordinary circumstances were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time.").  Untimeliness cannot be a result of "oversight, miscalculation or negligence on the petitioner's part."  Walderon-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir. 2009).

Petitioner has not argued that equitable tolling applies in this case.  Petitioner has not alleged that an extraordinary circumstance prevented him from filing his federal habeas petition within the one-year statute of limitations.  Without any such demonstration, equitable tolling is not available to Petitioner.

### VI. THE PETITION APPEARS TO BE WHOLLY UNEXHAUSTED

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2244(b)(1).  "Under the exhaustion

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-CV-01151-FMO (ADS)                              Date:  August 14, 2020

Title:  *Romont Edtwaine Hagan v. The People of State of California*

requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court." Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts."). The Court may raise the failure to exhaust issue sua sponte and may summarily dismiss on these grounds. See Aiken v. Spalding, 841 F.2d 881, 883 (9th Cir. 1988); see also Cartwright v. Cupp, 650 F.2d 1103, 1104 (9th Cir. 1992) ("In habeas corpus cases . . . federal courts may consider sua sponte whether the defendant has exhausted state remedies . . . .").

      As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982). A petitioner has the burden of demonstrating that he has exhausted available state remedies. See, e.g., Cartwright, 650 F.2d at 1104. To satisfy the exhaustion requirement, a habeas petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its petitioners' federal rights." Duncan v. Henry, 513 U.S. 364, 365-66 (1995); see also Ybarra v. McDaniel, 656 F.3d 984, 991 (9th Cir. 2011) (explaining that a "claim has been exhausted if the state courts have in fact ruled on its merits").

      Exhaustion requires that a petitioner's claims be fairly presented to the highest court in the state court system, even if that court's review is discretionary. See O'Sullivan, 526 U.S. at 845-47 (holding that petitioners' right to raise claims through a petition for discretionary review in the state's highest court satisfies 28 U.S.C. § 2254(c) requirements); Baldwin v. Reese, 541 U.S. 27, 29 (2004) (explaining that a state prisoner must fairly present his claim to a state supreme court with powers of discretionary review to alert "that court to the federal nature of the claim"). For a petitioner in California state custody, this generally means the petitioner must have fairly presented his claims to the California Supreme Court. See O'Sullivan, 526 U.S. at 845 (interpreting 28 U.S.C. § 2254(c)); Gatlin v. Madding, 189 F.3d 882, 888 (9th Cir. 1999) (applying O'Sullivan to California).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No.:  5:20-CV-01151-FMO (ADS)                              Date:  August 14, 2020

Title:  *Romont Edtwaine Hagan v. The People of State of California*

      Review of the Petition reflects that Petitioner did not fully exhaust his claims in state court.  First, the Petition states that Petitioner appealed the judgment of conviction to the California Court of Appeal but did not subsequently appeal to the California Supreme Court, due to advice from his appellate counsel.  [Dkt. No. 1, pp. 2-3].  Second, a review of the California Appellate Courts Case Information website did not reveal any records of a direct appeal to the California Supreme Court or a prior state habeas petition filed by Petitioner in either the California Court of Appeal or California Supreme Court.  See California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov.  Therefore, it appears from the face of the Petition that Petitioner has failed to meet his burden of demonstrating that he has fully exhausted his available state remedies.

### VII.  PETITIONER IS ORDERED TO SHOW CAUSE

      Petitioner must pay the $5.00 filing fee or file an IFP Request.  In addition, Petitioner is **ORDERED TO SHOW CAUSE by September 4, 2020** why the Court should not dismiss this action.

      In the alternative, Petitioner may request a voluntary dismissal of this action without prejudice pursuant to Federal Rule of Civil Procedure 41(a).  Petitioner is advised that any dismissed claims may be later subject to the statute of limitations under 28 U.S.C. 2244(d)(1).

      **Petitioner is expressly warned that his failure to timely respond to this Order may result in the Petition being dismissed for the reasons stated above, and/or for failure to obey court orders and failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).**

      **IT IS SO ORDERED.**

Initials of Clerk kh