J S - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROMONT HAGAN, | Case No. 5:20-01151 FMO (ADS) |
| Petitioner, | |
| v. | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| THE PEOPLE OF STATE OF CALIFORNIA, | |
| Respondent. | |

## I. __INTRODUCTION__

Pending before the Court is a Petition for Writ of Habeas Corpus by a Person in State Custody ("Petition") filed by petitioner Romont Hagan ("Petitioner"). [Dkt. No. 1]. On August 14, 2020, the Court issued an Order to Show Cause why the Petition should not be dismissed because the Petition appears untimely and wholly unexhausted, and Petitioner did not pay the filing fee or file a complete Request to Proceed In Forma Pauperis. [Dkt. No. 5]. Petitioner did not file a response to the Order to Show Cause. For this reason, the case must be dismissed.

## II.    <u>FAILURE TO PROSECUTE AND COMPLY WITH COURT ORDERS</u>

The case must be dismissed because Petitioner has failed to prosecute this habeas petition and comply with court orders.  On August 14, 2020, the Court ordered Petitioner to show cause why the Court should not dismiss this action because Petitioner did not pay the court filing fee or file an application to proceed *in forma pauperis* and the Petition appears untimely and wholly unexhausted.  [Dkt. No. 5].  The Order expressly cautioned Petitioner that failure to respond by September 4, 2020 would result in a recommendation from the Magistrate Judge that the action be dismissed pursuant to Federal Rule of Civil Procedure 41(b).  [<u>Id.</u>, p. 7].  As of the date of this Order, Petitioner has not responded to the Order to Show Cause.

Petitioner's failure to respond despite a Court order to do so reflects a lack of prosecution of the case and failure to comply with the Court's orders.  In <u>Carey v. King</u>, 856 F.2d 1439 (9th Cir. 1988), the Ninth Circuit cited the following factors as relevant to the Court's determination of whether to dismiss an action for failure to prosecute: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." <u>Id.</u> at 1440.

Upon consideration of the five <u>Carey</u> factors, the Court finds that Petitioner's failure to prosecute his case and failure to comply with the Court's Orders warrant dismissal.  The first two <u>Carey</u> factors—the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket—weigh in favor of dismissal.  The Court cannot hold this case in abeyance indefinitely awaiting Petitioner's response to the Court's directive.  The third factor, risk of prejudice to Respondent, also

weighs in favor of dismissal since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  Anderson v. Air West, Inc., 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor, the public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal.

Furthermore, Petitioner has already been cautioned of the consequences of his failure to prosecute and ordered to show cause why the action should not be dismissed.  Petitioner has been afforded the opportunity to do so yet has not responded.  No sanction lesser than dismissal is feasible here.  Thus, dismissal of this action is warranted under Federal Rule of Civil Procedure 41(b) and Local Rule 7-12.

## III.  PETITIONER IS NOT ENTITLED TO RELIEF

Under Rule 4 of the Rules Governing Section 2254 Cases, this court is required to conduct a preliminary review of all petitions for writ of habeas corpus filed by state prisoners.  Pursuant to Rule 4, this court must summarily dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  Here, it appears from the face of the Petition that Petitioner is not entitled to federal habeas relief because the Petition is untimely and wholly unexhausted.

### A.    The Petition is Untimely

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") establishes a one-year limitation period for a state prisoner to file a federal habeas petition.  28 U.S.C. § 2244(d)(1); see also Wall v. Kholi, 562 U.S. 545, 550 (2011); Jimenez v. Quarterman, 555 U.S. 113, 114 (2009).  The limitation period begins to "run from the latest of" four specified dates, including "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."

28 U.S.C. § 2244(d)(1)(A).  The period of direct review for the purposes of AEDPA's limitation period "includes the period within which a petitioner can file a petition for a writ of certiorari from the United States Supreme Court."  Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999); see Sup. Ct. R. 13 (allowing a petition for writ of certiorari seeking review of a judgment of a state court of last resort to be filed within ninety days after the entry of the judgment).

Here, the Petition is facially untimely.  Petitioner alleges he was convicted and sentenced on February 1, 2017.  [Dkt. No. 1, pp. 1-2].  Petitioner then filed a direct appeal to the California Court of Appeal, which was eventually denied on July 3, 2018.  See California Appellate Courts Case Information 2nd Appellate District, http://appellatecases.courtinfo.ca.gov.  Petitioner did not file a further appeal to the California Supreme Court.  [Dkt. No. 1, pp. 4-5].  His conviction became final thirty days later on August 2, 2018.  See Cal. Rules of Court 8.264(b), 8.500(e).  Since the instant Petition was not filed until June 4, 2020, it appears to be untimely.  Furthermore, from the face of the Petition, it does not appear that Petitioner has any basis for contending that he is entitled to a later trigger date for the statute of limitations, nor that he is entitled to statutory or equitable tolling.  See 28 U.S.C. §§ 2244(d)(1)(B)-(D), (2).

## B.   The Petition Appears to be Wholly Unexhausted

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus.  28 U.S.C. § 2244(b)(1).  "Under the exhaustion requirement, a habeas petitioner challenging a state conviction must first attempt to present his claim in state court."  Harrington v. Richter, 562 U.S. 86, 103 (2011); see also O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("[T]he exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims

4

before those claims are presented to the federal courts.").  The Court may raise the failure to exhaust issue <u>sua</u> <u>sponte</u> and may summarily dismiss on these grounds.  <u>See</u> <u>Aiken v. Spalding</u>, 841 F.2d 881, 883 (9th Cir. 1988); <u>see also</u> <u>Cartwright v. Cupp</u>, 650 F.2d 1103, 1104 (9th Cir. 1992) ("In habeas corpus cases . . . federal courts may consider <u>sua</u> <u>sponte</u> whether the defendant has exhausted state remedies . . . .").

As a matter of comity, a federal court will not entertain a habeas petition unless the petitioner has exhausted the available state judicial remedies on every ground for relief presented in the petition.  <u>See</u> <u>Rose v. Lundy</u>, 455 U.S. 509, 518-22 (1982).  A petitioner has the burden of demonstrating that he has exhausted available state remedies.  <u>See, e.g.</u>, <u>Cartwright</u>, 650 F.2d at 1104.  To satisfy the exhaustion requirement, a habeas petitioner must "fairly present federal claims to the state courts in order to give the State the opportunity to pass upon and correct alleged violations of its petitioners' federal rights."  <u>Duncan v. Henry</u>, 513 U.S. 364, 365-66 (1995); <u>see also</u> <u>Ybarra v. McDaniel</u>, 656 F.3d 984, 991 (9th Cir. 2011) (explaining that a "claim has been exhausted if the state courts have in fact ruled on its merits").

Review of the Petition reflects that Petitioner did not fully exhaust his claims in state court.  First, the Petition states that Petitioner appealed the judgment of conviction to the California Court of Appeal but did not subsequently appeal to the California Supreme Court, due to advice from his appellate counsel.  [Dkt. No. 1, pp. 2-3].  Second, a review of the California Appellate Courts Case Information website did not reveal any records of a direct appeal to the California Supreme Court or a prior state habeas petition filed by Petitioner in either the California Court of Appeal or California Supreme Court.  <u>See</u> California Appellate Courts Case Information, http://appellatecases.courtinfo.ca.gov.  Therefore, it appears from the face of the

Petition that Petitioner has failed to meet his burden of demonstrating that he has fully exhausted his available state remedies. For these reasons, it appears that he is not entitled to habeas relief and dismissal with prejudice is appropriate.

## IV. <u>PETITIONER FAILED TO PAY THE REQUIRED FILING FEE OR SUBMIT A COMPLETED IFP REQUEST</u>

The case must be dismissed because Petitioner did not pay the required filing fee or submit a completed Request to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> ("IFP Request"). [Dkt. No. 1, p. 1]. Pursuant to 28 U.S.C. § 1915(a), a prisoner seeking to proceed with a civil action without prepayment of fees must submit "an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees" as well as "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined."

Petitioner did not prepay the required fee, nor did he file an IFP Request with a supporting affidavit or a certified copy of the trust fund account statement. On August 14, 2020, the Court issued an Order to Show Cause notifying Petitioner that if he wished to proceed with the Petition, he must (1) pay the $5.00 filing fee or (2) file a completed Request to Proceed <u>In</u> <u>Forma</u> <u>Pauperis</u> with the required supporting documentation. However, Petitioner did not respond to the Order to Show Cause.

## V.    <u>CONCLUSION</u>

IT IS THEREFORE ORDERED that this action be summarily dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b) and Central District of California Local Rule 7-12.

IT IS SO ORDERED.


Dated:  October 6, 2020              _____/s/_____
                                     THE HONORABLE FERNANDO M. OLGUIN
                                     United States District Judge

Presented by:

_____/s/ Autumn D. Spaeth_____
THE HONORABLE AUTUMN D. SPAETH
United States Magistrate Judge